# EXHIBIT A

# KRISLOV & ASSOCIATES, LTD.

Civic Opera Building, Suite 1350
20 North Wacker Drive
Chicago, Illinois   60606
Telephone:312-606-0500
Facsimile:312-606-0207
email: clint@krislovlaw.com
website: www.krislovlaw.com

For over 20 years, Krislov & Associates, Ltd. has specialized in litigating complex class and derivative litigation involving nationwide consumer, securities, Qui Tam/whistleblower, governmental wrongdoing and corruption, and pension matters.

Krislov & Associates has been lead counsel for plaintiffs or objectors in numerous major federal and state cases throughout the country, and has earned nationwide stature as independent, honest and aggressive attorneys pursuing the interests of investors, taxpayers, working families and the public.

1. **Securities/Shareholder Rights**.  Krislov & Associates has been involved in complex corporate shareholder and takeover litigations, especially in cases involving truly complex valuation issues.  These cases include:

   (a)   In re Nationsbank/BankAmerica Securities Litigation, MDL 1264 (E.D.Mo., Nangle, DJ) (Executive Committee member in $100 Billion bank "merger of equals" shaken by post-merger disclosures of hedge fund losses) (participated in achievement of $490 million settlement), 263 F.3d 795 (8th Cir. 2001);

(b)  In Re Prudential-Bache Energy Income Partnerships Securities Litigation, MDL No. 888 (E.D. La.), (lead Objectors' counsel, forced the disclosure of Prudential's internal "Locke Purnell" audit showing truly corrupt actions in selecting partnerships to "pump" through the Pru sales force, blocked an early-stage low cash rollup settlement, forced an auction and found the high-bid purchaser who ultimately paid $508 million for the auctioned partnerships, and ultimately also helped produce an improved settlement of $120 million additional cash from

Prudential Securities);

(c)  Massad v. Prudential Insurance Co. (global Civil RICO case against Prudential Securities initiated from knowledge gathered in Prudential partnership litigation case; became the global civil RICO case referred to as In Re Prudential Securities, Inc. Limited Partnerships Litigation, MDL No. 1005 (S.D.N.Y.), which produced more than $110 million cash for all of Prudential's limited partnership unit-holders nationwide, see also 163 F.R.D. 200 (S.D.N.Y. 1995) (preliminary approval) and 912 F. Supp 97 (S.D.N.Y Jan. 24, 1996) (award of fees following final approval));

(d)  In re DVI, Inc. Securities Litigation, 2:03-cv-5336 (E.D. Pa.) (sole lead counsel for Common Stock and 9-7/8% Senior Note purchasers) (successfully defended against numerous motions to dismiss, 2005 WL 1307959 (E.D. Pa., May 31, 2005),as well as motions for reconsideration and summary judgment, and entered into settlement agreements with three of nineteen named defendants, case is currently proceeding with discovery);

(e)  In re Safety-Kleen Rollins Shareholder Litigation, (D. So. Carolina, Judge Joseph F. Anderson, Jr.) (co-lead counsel) (survived motions to dismiss and summary judgment, obtained class certification and, in 2005, entered into settlements totaling $3.15 million in action asserting § 14(a) proxy claims on behalf of former Rollins shareholders; settlement represented a substantial recovery of class member estimated losses);

(f)  In re First Chicago Shareholder Securities Litigation, (N.D. Ill.) (Executive Committee member in action asserting § 11, 12(a) and 14(a) claims brought on behalf of First Chicago Shareholders in connection with Bank One Merger; action settled in 2005 for $120 million);

(g)  Mercury Finance Company Securities Litigation, (cooked book finances of subprime auto lender, Krislov firm helped organize diverse groups of competing claims and counsel in federal and state court, bankruptcy court and outside arbitration, ultimately designated lead counsel for state court claimants in both state and federal courts, bankruptcy and arbitration matters, instrumental in achieving multi-court settlements and arbitration of claims resulting in multi-million dollar recovery to the Class);

    (h)    Malone v. Brincat, 722 A.2d 5 (Del. Sup. 1998), establishing actionable director duties of full disclosure to shareholders;

    (i)    Gavin v. AT&T Corp., 464 F.3d 634 (7th Cir. 2006), Corporation charged shareholders for delivery of stock certificates in connection with a merger when shareholders could have obtained certificates for free. (Seventh Circuit reversed dismissal of case pursuant to Securities Litigation Uniform Standards Act, and remanded to Northern District of Illinois to proceed on the merits of Plaintiffs state law claims).

    **2.**    **Government Mismanagement, Fraud and Corruption**. The Krislov firm is perhaps best known in Illinois for its "private attorney general" practice, in derivative actions brought against state and local governments to correct the massively under-funded state and local pension systems. Cases include, Ryan v. City of Chicago, 148 Ill. App. 3d 638 (1st Dist. 1986) and 274 Ill. App. 3d 483 (1st Dist. 1995), in which we recovered over $32 million cash, $80 million total benefits, and fundamentally improved the handling of City pension tax levies, ending the City's illegal use of pension tax levies for its own benefit. In People ex rel. Sklodowski v. State, 284 Ill. App. 3d 809 (1st Dist. 1996), *see also*, 162 Ill.2d 117 (1994) and 182 Ill. 2d 220 (1997), we blocked the State's conversion of $51 million from the State Pensions Fund to State general budget use, and initially established the courts' power to compel State Officials to comply with statutory minimum contribution obligations for Illinois' five funded retirement systems to correct a shortfall now totaling $3.4 billion. In litigation spanning over 16 years, we have fought for annuitants' contractual rights to promised lifetime healthcare coverage. In City of Chicago v. Korshak, 206 Ill. App. 3d 968 (1st Dist. 1990) and Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584 (7th Cir. 1992), parallel state and federal cases, the Krislov firm forced the City of Chicago to continue a fixed-rate subsidized plan of retiree health care insurance for 21,000

annuitants and their families, and, despite setbacks during various periods, successfully had these claims restored by the Illinois appellate court. City v. Korshak, Ill. App. unpublished order , (1st Dist. 2000), obtained injunctive relief, and ultimately obtained a settlement which ensures annuitant healthcare coverage through 2013 and beyond for Chicago Police, Firemen, Municipal Employees and Laborers.

The Krislov firm has also recovered funds for the government, due to governmental fraud, abuse and mismanagement. *See*, County of Cook ex rel. Rifkin v. Bear Stearns, 215 Ill.2d 466 (2005); Scachitti v. UBS Financial Services, 215 Ill.2d 484 (2005) and City of Chicago ex rel. Scachitti v. Prudential Securities, 332 Ill. App.3d 353 (Ill App. 2002) PLA den. (establishing constitutionality of whistleblower actions against underwriters "yield burning", i.e. overcharging municipalities on refinancing government debt litigation, established ability of whistleblowers to employ "nullum tempus" doctrine eliminating ordinary limitations periods on claims for government entities); *see also*, Ryan v. Cosentino, 776 F. Supp. 386 (N.D. Ill. 1991), 793 F. Supp. 822 (N.D. Ill. 1992), and 1995 WL 516603 (N.D. Ill. August 24, 1995) ($14 million judgment obtained for corrupt loans to public officials in exchange for deposits of State monies without interest); and McKay v. Kusper, 252 Ill. App. 3d 450 (1993).

**3.** **Private Pension, ERISA matters.** We also have particular expertise in litigating issues of protecting pension benefits over corporate manipulation and in ERISA-related matters.

In Montgomery v. Aetna Plywood, 231 F.3d 399 (7th Cir. 2000), we doubled the Profit Sharing accounts of the 100 participants whose ESOP [Employee Stock Ownership] had been redeemed out of the 95% ownership of their employer for less than half of fair value, won a

judgment after a 3-week bench trial, and successfully completed a recovery of $7 million cash plus restored 20% ownership of company.

We were also brought in to settle remaining ESOP fiduciary claims arising from the SEARS buyout in which management was accused of selling a large percent to a newly-created ESOP to thwart the outside takeover threat.

Clair v. Harris Trust & Savings Bank, 190 F.3d 495 (7th Cir. 1999), established payout requirements from qualified plans.

In Brannan v. Health Care Service Corp., 00 C 6884 (N.D. Ill. Mag. Judge Geraldine Soat Brown), the Firm served as co-lead counsel in case which, in 2004, obtained a $6.95 million settlement, plus prospective relief valued at millions more, for class of insureds who were damaged by Blue Cross's alleged practice of seeking reimbursement liens for amounts greater than what they actually paid health care providers and for failing to reduce their liens pursuant to Illinois' common fund doctrine.

4. **Civil RICO**. The Krislov firm has also established significant precedent in the consumer protection field, especially in Civil RICO matters. In Commercial Cleaning Services LLC v. Colin Service, 271 F.3d 374 (2nd Cir. 2001) we established that competitor companies may use Civil RICO against competitors whose hiring of undocumented aliens enabled them to underbid the competition.

5. **Consumer Protection and Antitrust Matters**. We are or have been lead counsel for nationwide consumer litigation and have established significant law in the consumer protection field, including:

    (a)    South Austin Coalition Community Council v. SBC Comm. Inc., 274 F.3d 1168 (7th Cir. 2001) (antitrust challenge to SBC-Ameritech merger);

(b)  Beckwith Place L.P. v. General Electric Co., Cook Co. Circuit Court, No. 99 CH 18240 (certified nationwide class against General Electric arising from dishwashers containing a defective switch causing fires; case settled);

(c)  Zapka v. Coca-Cola Co., 2001 U.S.Dist. LEXIS 20155 (N.D.Ill. 2001) (deceptive marketing of diet Coke, without disclosing that fountain version contains saccharin; settled action);

(d)  Zazove v. Pelikan, Inc., 326 Ill. App. 3d 798, 761 N.E.2d 256 (1st Dist. 2001) (establishing Illinois jurisdiction over foreign producer of consumer products for consumer claims under stream of commerce concept);

(e)  Brody v. Finch Univ./Chicago Medical School, 298 Ill.App.146, 698 NE2d 257 (2d Dist. 1998) (right of students to enter into medical school under graduate program);

(f)  In re Starlink Corn products, MDL 1403 ($9 million settlement for consumers) (lead counsel for consumer claims arising from the dispersion of the genetically engineered Starlink™ corn strain into human food products); and

(g)  DeGradi v. KB Holdings, Inc., 02 CH 15838, Cir. Ct. of Cook County, Illinois, Chancery Division (obtained $3 million settlement from toy store company who allegedly improperly manipulated product prices to the public); and

(h)  Cruz v. Blue Cross/Blue Shield of Illinois, 00 CH 14182 (Cir. Ct. Cook County, Ill.); Blue Cross/Blue Shield of Illinois v. Cruz, 2003 WL 22715815 (N.D. Ill. Nov. 17, 2003); and 396 F.3d 793 (7th Cir. 2005)(parallel state and federal litigation over Blue Cross's claimed reimbursement right against third-party recoveries and; obtained summary judgment for Plaintiff and a certified class in the state litigation; prevailed at district court level in the federal action, and successfully vacated the Seventh Circuit's dismissal before the United States Supreme Court, 126 S. Ct. 2964 (June 26, 2006); See Also, Empire Healthchoice Assur. v. McVeigh, 126 S. Ct. 2121 (2006), in which Krislov firm acted as amicus in support of McVeigh, the prevailing party, and cited Id. at 2135, in the United States Supreme Court's decision regarding the scope of federal jurisdiction and preemption under the Federal Employee Health Benefits Act and federal common law.

We have also paved the way for Illinois consumer actions against banks and utilities, as lead or co-lead counsel in the following cases:

(a)  Allenson v. Hoyne, 272 Ill. App. 3d 938 (1st Dist. 1995) (civil RICO cause upheld in state court over misamortizing of home mortgage payments);

6

    (b)    <u>Cohan v. Citicorp</u>, 266 Ill. App. 3d 626 (1st Dist. 1993)(charges on ADR shares of foreign securities);

    (c)    <u>In re Commonwealth Edison 1990 Chicago Power Outages</u>, Cook Co. Cir. Ct., Nos. 90-7547 and 90-7637 (the firm recovered $4 million for some 63,000 low-income customers for damages from extended power outages); and

    (d)    <u>In re Illinois Bell</u>, Cook Co. Cir. Ct., Nos. 91-930, 91-1354 and 91-12529 (firm recovered $3.5 million over disputed late charges and surcharges).

**6.** **<u>Actions as Independent Objector Counsel</u>**.  We are also independent, and uniquely have not hesitated to intervene and fight to block or improve corporate transactions and litigation settlements, which need to be blocked or improved.  Representative cases include: <u>In Re Scattered Corp.</u>, N.D. Ill., No. 93 C 4069 (Co-lead Plaintiffs' counsel in a case challenging massive short-selling of LTV common shares); <u>Lyphomed Shareholder Litigation</u>, Cook Co. Cir. Ct., No. 89 CH 7585, (Lead counsel in shareholder litigation over Fujisawa takeover); <u>Starr v. Graham Energy</u>, (Counsel for Objectors in New Jersey and for Plaintiffs in Delaware derivative litigation); <u>Hooker v. JMB/Arvida</u>, N.D. Ill., No. 92-C-7148 (Co-lead objectors' counsel against settlement of investor class' loss of entire $234 million investment for $6 million); <u>In re Domestic Air Transp. Antitrust Litig.</u>, MDL No. 861, 148 F.R.D. 297 (N.D. Ga.) (Krislov firm was one of the Objectors' counsel and was instrumental in identifying problem areas of the widely criticized settlement and eliminating the prohibition on use of the settlement coupons through travel agents); and <u>Michael Milken and Associates Securities Litig.</u>, MDL No. 924 (S.D.N.Y.) (Krislov was a member of the nationwide Allocation Committee of the plaintiffs' counsel). We  forced the disqualification of lead counsel in the MDL proceedings over the conspiracy to fix floor prices for

compact disc music.  In re Compact Disc Minimum Advertised Price Antitrust Lit., 2001 WL 243494, (D.Me. 3/12/2001)(Hornby, Ch.D.J.) (cased settled for $115 million).

       7.     **Mass Tort Litigation**.  As counsel for Longshore Objectors, Krislov uncovered potentially fatal defects in the original asbestos mega-settlements in the federal courts in Philadelphia and in Tyler, Texas and devised the use of a defendant third-party employer class to prevent individual potential forfeiture of Longshore Act benefits for longshoremen and harbor workers nationwide, without which the settlement could not have been approved.  Ahearn v. Fiberboard, No. 6:93-cv-526, 1995 U.S. Dist. Lexis 11522, 11532, 11062 (E.D. Tex. July 27, 1995), *affirmed* In re Asbestos Litigation, 90 F. 3d 963 (5th Cir. 1996), reversed on other grounds.

       8.     **Partnership Rollup Litigation**.  Krislov & Associates has a nationwide reputation for contesting unfair "rollup" transactions in which limited partnerships are consolidated into new listed corporate entities in which existing management obtains an unfair proportion of the surviving entity.  Krislov has been lead or co-lead counsel in cases in Delaware, Preim v. Franchise Finance Corp. of America, De. Ch. C.A. No. 13192 (reduction of management share in $900 million rollup); in Louisiana, In re Prudential-Bache Energy Income Partnerships Securities Litigation, MDL No. 888 (forced $500 million auction plus improved $120 million settlement); and in California, Blumberg v. Glenborough Realty Corp., No. 391223 (Cal. Super. Ct. San Mateo Co.) ($100 million real estate rollup).

8

9. **Major Tax Litigation**. Prior to focusing on class actions, Mr. Krislov was a tax litigator involved in the litigation of major tax disputes, civil and criminal, with the federal government. *See, e.g.*, Caterpillar Tractor Co. v. United States, 589 F.2d 1030 (7th Cir. 1978) (interplay of Domestic International Sales Corporation and Western Hemisphere Trade Company export provisions); Estate of Jenner Commissioner, T.C. Memo 1977-54 (U.S. Tax Ct. 1977), *rev'd on different grounds* 577 F.2d 1100 (7th Cir. 1978) (pre-IPO valuation of largest block of shares of closed-end investment company and permitting deduction of underwriting commission for Estate Tax and Estate Income Tax).

10. **Constitutional Litigation**. Matter of Grand Jury Subpoena Duces Tecum, 725 F.2d 1110 (7th Cir. 1984) (establishing invalidity of subpoenas issued by U.S. Attorneys without Grand Jury authorization). Shaper v. Tracy, 97 Ohio App. 3d 760 (1994), *cert. denied*, 116 S. Ct. 274 (1995) and 76 Ohio St. 3d 241, 667 N.E. 2d 368 (1996). Dormant Commerce Clause challenge to discriminatory state income taxation of only foreign-state municipal income.

11. **Environmental Class Actions**. Enzenbacher v. Browning Ferris Ind. Of Ill., 332 Ill. App. 3d 1079 (2nd Dist. 2002) settled case involving trespass and nuisance issues related to landfill on behalf of neighbors of the landfill.

12. **Veterans Employment Rights**. Veterans Legal Defense Fund v. Schwartz, 330 F.3d 937 (7th Cir. 2003). Veterans' right to statutory preferential hiring for state job openings.

13. **Voting Rights; Election Law**. In the widely cited Krislov v. Rednour, 97 F. Supp. 2d 862 (N.D. Ill. 2000), affirmed 226 F.3d 851 (7th Cir. 2001), cert. den. sub


nom McGuffage v Krislov, 531 US 1147 (2001), Mr. Krislov successfully attacked Illinois' ballot petition procedures that had previously prevented non-organization candidates from getting on the ballot. Orr v. Edgar, 179 Ill. 2d 589 (1998), State constitution challenge to statute eliminating straight ticket ballot.

In another voting rights victory, the Krislov firm obtained class certification of a bi-lateral class of all absentee voters whose ballots were rejected without receiving notice until after the canvas of votes (so their votes were not counted) and against a defendant class of all 111 Illinois election authorities, ensuring that absentee ballot voters have uniform rights statewide. Zessar v. Helander, et al., 2006 WL 573889 (N.D. Ill. Mar. 7, 2006) (certifying double classes); Zessar v. Helander, et al., 2006 WL 642646 (N.D. Ill. Mar. 13, 2006) (granting Summary Judgment to Plaintiffs and the class).

14. **Representation of Defendants**. Krislov & Associates has also represented defendants in very limited instances. Primax v. Sevilla, 324 F. 3d 844 (7th Cir. 2003) (successfully defended against plaintiff's action brought against named plaintiff, which was essentially an action brought in federal court to collaterally attack the progress of a state court class action); *see also*, LaSalle v. Medco, 54 F.2d 443 (7th Cir. 1995); Lorence/Gallagher v. Cannonball, Inc., Cook Co. Cir. Ct., Nos. 89 CH 11016 and 89 CH 11347 and Cruz v. Blue Cross/Blue Shield of Illinois, 396 F.3d 793 (7th Cir. 2005), vacated by, 126 S. Ct. 2964 (2006).

15. **Favorable Mention by Courts**. The standing of the Krislov firm in successfully conducting complex and class action litigation has been favorably noted by the courts. For

example, in Ryan v. City of Chicago, Cook Co. Cir. Ct., No. 83-CH-390, former Chief Chancery Judge Curry characterized our battle for the integrity of pension fund moneys

against the forces of the City and its pension funds, who had engaged in the "Mugging of the Good Samaritan" stating:

> The petitioner's [Krislov] efforts for and on behalf of the Firemen's Fund have now spanned nine years. His energy, persistence and legal scholarship have (1) righted a serious wrong, (2) secured restitution for past misconduct, (3) created a climate which will assure fidelity in transmitting future pension fund tax receipts, (4) delivered a handsome recovery, (5) enhanced that recovery by ferreting out auditing mistakes, (6) secured an award of compound interest, and (7) engaged in collateral litigation so as to protect the benefits gained for the Firemen's fund.

Slip Op., December 14, 1992, at 7.

In approving the Firm's settlement with Blue Cross, Magistrate Judge Geraldine Soat Brown stated:

> I will note for the record that this Court presided over literally a score of settlement conferences in this case, at least nine of which were in person, and I think I counted – I stopped counting at eleven telephone settlement conferences in this case. Both sides were represented by able and experienced counsel who have represented parties in class actions of this nature and have made an informed evaluation of the benefits of settlement in light of the risks of litigation and possible recovery.
>
> ***
>
> I think counsel has certainly earned the fees that are going to be awarded them in this case by the able way they have taken this case

11

> on, the fact that in these very difficult and complex issues they were able to assemble law, argument, discovery to support and bring the defendant to the
> table, and obtain a settlement of this case that benefits the class in this way. Those attorneys' fees are reasonable and well deserved.

September 30, 2004 Transcript of Final Hearing on Settlement before Magistrate Judge Geraldine Soat Brown.

## Major Pending Cases of Note:

Courtney v. Halloran (7th Cir. 2006). As attorney for under-insured depositors in failed Superior Bank, we are challenging the FDIC's agreement with the Pritzker family, under which Bank shareholders receive preferential payments from third party recoveries while depositors remain unpaid.

Metro v. Amway Asia Pacific (Mich. App. 2006). Challenge by public shareholders forced out of Pacific Rim trading company by Amway controlling families' unfairly priced buyout of shares on eve of China's admission to World Trade Organization.

Cruz v. Blue Cross/Blue Shield of Illinois, (Ill. Cir. Ct. 2006) Proceeding in state court after United States Supreme Court decision vacated ruling by Seventh Circuit in Blue Cross's favor, on behalf of federal employees insured under a Blue Cross plan against whom Blue Cross seeks reimbursement for more than they are entitled.

## **KRISLOV & ASSOCIATES, LTD.**

\* \* \*

## **ATTORNEY BIOGRAPHIES**

### **CLINTON A. KRISLOV**

Clint Krislov, a graduate of Northwestern University (B.A. 1971), Phi Beta Kappa, and Cornell Law School (1974), is the founder and senior attorney of Krislov & Associates, Ltd.  Mr. Krislov is admitted to practice in Illinois and Michigan state courts, the United States Supreme Court, numerous Circuit Courts of Appeals, and the trial bar of the federal court for the Northern District of Illinois. Mr. Krislov is an Adjunct Professor of Law at Chicago-Kent College of Law, teaching courses in Consumer Protection Law (2001-present) and  federal income tax (1976-7), and  the author of several articles, including:  *The Illinois Consumer Fraud Act:  Hey! What Happened to all the Strict Constructionists?, Judicial Add-Ons are Ruining a Perfectly Good Statute*, 11 Loyola Consumer Law Review 224 (1999);  "*Scrutiny of the Bounty: Incentive Awards of Plaintiffs in Class Actions*," 78 Illinois Bar Journal 286, June 1990; "Tax Considerations in Buying, Selling and Dissolving the Professional Practice," in Professional Practices, IICLE, 1986; "Civil and Criminal Tax Litigation," in 1981 Federal Tax Skills Course, IICLE, 1981; "Evaluating Publicly Syndicated Investments," in Basic Tax Shelters, IICLE, 1984.

Mr. Krislov has also served three terms as Chair, following two terms as vice-Chair, of the Chicago Bar Association Class Litigation Committee, and initiated programs of bench-bar communications which continue.  Mr. Krislov also serves as a member of the Board of Editors of

Class Action Reports (1992-present), the Board of Trustees of the Chicago Chapter of the Federal Bar Association (1995-96) , and the Chicago Region ABA-IRS Nonfiler Initiative (joint Program
to reach out nationwide to persons who had not filed income tax returns offering amnesty-type opportunity to get on the system without fear of prosecution).

As a former candidate for the United States Senate and Illinois Attorney General, Mr. Krislov has also led the fight to open the electoral system fairly for all participants. He is the 2001 recipient of Independent Voters of Illinois-Independent Precinct Organization's "Legal Eagle" award for his work in election reform and defense against corporate overreaching.

**KENNETH T. GOLDSTEIN**

Ken Goldstein is a graduate of the University of Wisconsin, Madison (B.A. 1990) and The John Marshall Law School (J.D. 1996). He was a member of The John Marshall Moot Court Council, Spring 1995. He was admitted to practice in Illinois state and federal courts in 1997. Mr. Goldstein has been active in electoral and legislative politics in Illinois. He joined the firm of Krislov & Associates in January 1998. His practice is concentrated in consumer class actions and antitrust actions.

**MICHAEL R. KARNUTH**

Mike Karnuth was born in Chicago, Illinois on September 8, 1965; admitted to Illinois state bar on May 6, 1999, and U.S. District Court, Northern District of Illinois

1999. Mr. Karnuth is also admitted to the Court of Appeals for the Seventh Circuit and to the bar of the United States Supreme Court. *Education*: Loyola University of Chicago (B.A., 1988); Certified Public Accountant (1991); Chicago-Kent College of Law (1999 J.D., with honors). Recipient: CALI Award, Advanced Research - Securities. During law school, Mr. Karnuth interned for Judge Blanche Manning of the federal district court for the Northern District of Illinois. *Member:* Chicago, Illinois State and American Bar Associations, Illinois CPA Society and American Institute of Certified Public Accountants. *Practice Areas*: class action and complex litigation.

**M. REAS BOWMAN**

Reas graduated from DePauw University at Greencastle, Indiana in 2002 with a Bachelor of Arts in Economics. At DePauw, he was a Management Fellows Honor Scholar and received the Communication Department scholarship grant all four years he attended. Reas then went on to Chicago-Kent College of Law, earning his Juris Doctorate in 2005, with a Litigation and Dispute Resolution certificate. While in law school, Reas became a certified mediator with the Center for Conflict Resolution and mediated cases in the Illinois Circuit Court. He has been with Krislov and Associates since 2003, and was admitted to the Illinois Bar in 2005.

**JEFFREY M. SALAS**

Jeff is a graduate of Carthage College in Kenosha, Wisconsin (B.A. Economics, 2003) and DePaul University College of Law (J.D. 2006). During law school, Jeff was a member of the Moot Court Editorial Board and studied abroad at the University of Cape Town in Cape Town, South Africa. Jeff was hired in April 2005 as a law clerk .

15

Following law school, he joined our firm as an associate and was admitted to practice in Illinois on November 9, 2006.