IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY HARRIS, Derivatively On Behalf of CITIGROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES PRINCE, et al., <br><br> Defendants, <br><br> -and- <br><br> CITIGROUP, INC., a Delaware corporation, <br><br> Nominal Defendant. | ) Case No. 07-CV-9841 (SHS) |
| GARY CINOTTO, Derivatively On Behalf of CITIGROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES PRINCE, et al., <br><br> Defendants, <br><br> -and- <br><br> CITIGROUP, INC., <br><br> Nominal Defendant. | ) Case No. 07-CV-9900 (SHS) |
| BENJAMIN NATHANSON, Derivatively On Behalf of CITIGROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES PRINCE, et al., <br><br> Defendants, <br><br> -and- <br><br> CITIGROUP, INC., <br><br> Nominal Defendant. | ) Case No. 07-CV-10333 (JSR) |

[Caption continued on following page.]

| | |
|---|---|
| SAM COHEN, Derivatively On Behalf of CITIGROUP, INC., <br><br> Plaintiff, <br> vs. <br><br> CHARLES PRINCE, et al., <br><br> Defendants, <br><br> -and- <br><br> CITIGROUP, INC., <br><br> Nominal Defendant. | ) Case No. 07-CV-10344 (SHS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| WALTER E. RYAN, JR., Derivatively On Behalf of CITIGROUP, INC., <br><br> Plaintiff, <br> vs. <br><br> CHARLES PRINCE, et al., <br><br> Defendants, <br><br> -and- <br><br> CITIGROUP, INC., <br><br> Nominal Defendant. | ) Case No. 07-CV-11581 (UA) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF GARY CINOTTO'S MOTION TO CONSOLIDATE ALL RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT LEAD COUNSEL FOR PLAINTIFFS**

I.   **INTRODUCTION**

Five related shareholder derivative actions on behalf of Citigroup, Inc. ("Citigroup" or the "Company") and against certain of its officers and directors are currently pending before this Court. Plaintiff Gary Cinotto respectfully requests that the Court consolidate these five derivative actions, as well as any subsequently-filed derivative actions involving Citigroup. As explained below, these derivative actions involve nearly identical questions of fact and law such that consolidating them will promote efficiency and judicial economy.

Additionally, Cinotto requests that the Court appoint his chosen counsel, Johnson Bottini, LLP, as lead counsel for the consolidated actions. As demonstrated below, Johnson Bottini is highly experienced in prosecuting derivative actions.

## II. BACKGROUND OF FACTS AND PROCEDURAL HISTORY

Citigroup is one of the world's largest investment firms. Over the past several years, certain of the Company's officers and directors breached their fiduciary duties to Citigroup by recklessly causing the Company to purchase security instruments backed by risky subprime loans. Now that the subprime market is in crisis, Citigroup has already had to write down billions of dollars worth of these investments and will likely have to write down billions more in the foreseeable future.

When news of Citigroup's troubles became public, several shareholders filed derivative complaints. Currently, there are five related Citigroup derivative cases pending before this Court:

| | |
|---|---|
| *Harris v. Prince, et al.* | 07-cv-9841 (SHS) |
| *Cinotto v. Prince, et al.* | 07-cv-9900 (SHS) |
| *Nathanson v. Prince, et al.* | 07-cv-10333 (JSR) |
| *Cohen v. Citigroup, Inc., et al* | 07-cv-10344 (SHS) |
| *Ryan v. Prince, et al.* | 07-cv-11581 (UA) |

The above actions name a majority of common defendants and contain substantially similar allegations and causes of action. Each complaint alleges that defendants breached their fiduciary duties to Citigroup in connection with the reckless purchasing of subprime loans, which has caused substantial losses to the Company. Each complaint seeks to recover these losses on behalf of Citigroup.

## III. THE COURT SHOULD CONSOLIDATE THE RELATED CITIGROUP DERIVATIVE ACTIONS

Consolidation of related actions is governed by Fed. R. Civ. P. 42(a) which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Where there are common issues of law or fact, as exist here, the benefits of consolidation outweigh any potential prejudice to the parties. *Erikson v. Cornerstone Propane Partners LP,*

2003 WL 22232387 (N.D. Cal. Sept. 15, 2003); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). This Court has broad discretion under this rule to consolidate cases pending within the District. *Investors Research Co. v. U.S. Dist. Ct. for C. D. of Cal.*, 877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) (Rafeedie, J.) ("a court has broad discretion in deciding whether or not to grant a motion for consolidation, although, typically, consolidation is favored.") (citations omitted).

Consolidating these multiple related actions, together with the appointment of a lead counsel for plaintiffs, will streamline and simplify pretrial motions, discovery management, clerical and administrative management, and generally reduce confusion and delay that would be brought by prosecuting related cases of this nature separately.

## IV. THE COURT SHOULD APPOINT JOHNSON BOTTINI AS LEAD COUNSEL IN THIS ACTION

A district court judge may appoint lead counsel to direct and manage a complex case. *See Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977); *In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988). The utility in appointing a lead counsel in complex cases like this one is well recognized. As stated by one court:

> The benefits achieved by consolidation and the appointment of general counsel, i.e. elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel. *MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958).

In addition, the Manual for Complex Litigation recognizes the benefits of appointing lead counsel in complex, multiparty litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems. Manual For Complex Litigation (Fourth) §10.22 (2004).

Cinotto's chosen counsel, Johnson Bottini (and its predecessor firm), is highly experienced in prosecuting derivative cases similar to this one.[1] There are at least three reasons why Johnson Bottini should be selected as lead counsel: (1) Johnson Bottini has experience in similar matters; (2) Johnson Bottini has been recognized by many courts as having the necessary skills and experience to handle complex matters such as this one; and (3) Johnson Bottini has been retained by publicly traded corporations to pursue similar claims against directors.

Johnson Bottini recently filed a derivative action in this Court for the benefit of Merrill Lynch & Co. That action also involves the directors' reckless conduct in connection with purchasing security instruments backed by risky subprime loans. *See Patricia Arthur v. O'Neal, et al.*, Civil Action No. 07-cv-9696 (filed 11/1/07). In this matter, Cinotto recognized Johnson Bottini's experience and reputation by selecting the firm to represent his interest as a shareholder in connection with similar conduct by Citigroup's directors. In view of its experience, not only in derivative actions, but also in matters involving the subprime mortgage crisis, it would serve the interest of the Citigroup to have Johnson Bottini lead counsel in this matter.

Courts have similarly recognized that Johnson Bottini has the experience to handle complex derivative matters when confronted with competing motions for leadership. Indeed, not long ago, in a complicated derivative action called *Green Meadows Partners, LLP v. Tompkinson* (C.D. CA Case No. SACV 06-91), the Hon. Cormac Carney appointed Johnson Bottini lead counsel over seven derivative complaints, noting the firm is "exceptionally qualified and experienced." The district court recently approved the settlement agreement that required implementation of several corporate changes.

The following are just a few other cases where Johnson Bottini is, or was, lead or co-lead counsel in a complex securities case:

- *In re the Titan Corp. Derivative Litig.* (San Diego, Calif. Sup. Ct. Case No. GIC 832018) (involving claims for breach of fiduciary duty that were settled after plaintiffs negotiated $29 million in increased consideration to Titan's shareholders in an all-cash merger acquisition).

---

[1] A true and correct copy of Johnson Bottini's firm profile is attached to the accompanying declaration of Frank Johnson ("Johnson's Dec.") as Exhibit A.

- *In re Brocade Systems Communications, Inc. Derivative Litigation* (Santa Clara, Calif. Sup. Ct. Case No. 1:05cv041683) (this case is currently pending, but seeks recovery of damages for the company well in excess of $100 million).

- *In re ChoicePoint Inc. Derivative Litigation* (Fulton County, Georgia Sup. Ct. Case No. 2005-cv-103219) (pending; claims for breach of fiduciary duty).

- *Kogan v. Robinson, et al.* (S.D. Cal. Case No. 05cv1924) (settled; claims for breach of fiduciary duty).

- *In re Morgan Stanley Derivative Litig.* (S.D.N.Y. Case No. 05cv6516) (pending; claims for breach of fiduciary duty).

- *In re Silicon Storage Technology Inc. Derivative Litig.* (Santa Clara, Calif. Sup. t. Case No. 1:05cv034387) (pending; claims for breach of fiduciary duty).

- *Schrimpf (derivatively on behalf of Mannatech, Incorporated) v. Caster, et al.* (Dallas, Texas Dis. Ct. Case No. 06-00286) (settled and awaiting court approval; claims for breach of fiduciary duty).

For another reason, Johnson Bottini stands apart from other plaintiffs' securities firms in this arena. Based on the unique experience the firm offers, Johnson Bottini has been retained not only by shareholders but also by publicly-traded companies to pursue former directors for breaches of fiduciary duty in a number of matters. Prior to starting the firm several years ago, one of the founding partners was a partner at a large defense firm where he represented publicly traded corporations on a regular basis. That experience has continued. International Real Estate (a public company with shares listed on the London Stock Exchange) retained Johnson Bottini to pursue claims for breach of fiduciary duty against former directors of a joint venture company.[2] That case involved alleged damages of approximately $20 million and ultimately settled on favorable terms. Similarly, Greenland Corporation, a public traded company located in San Diego, retained Johnson Bottini to pursue claims for breach of fiduciary duty against several former officers and directors.[3] That case settled with a significant payment to Johnson Bottini's client.

As demonstrated by the above and by the Firm Profile (including testimonials from clients and judges) attached to the accompanying declaration of Frank Johnson, the appointment

---

[2] *International Real Estate PLC v. Oaktree Capital Management, LLC, et al.*, Los Angeles Superior Court, Case No. BC 324973.

[3] *Greenland Corp. v. Bonar, et al.*, San Diego Superior Court, Case No. GIC 842605.

of Johnson Bottini as lead counsel will unquestionably serve the best interests of Citigroup, and its shareholders, in this derivative action.

## V. CONCLUSION

For the reasons stated above, Plaintiff Cinotto respectfully requests that the Court consolidate the related cases and appoint Johnson Bottini, LLP, lead counsel for this matter.

Dated: January 28, 2008

_____
THOMAS G. AMON

LAW OFFICES OF THOMAS G. AMON
500 Fifth Ave., Suite 1650
New York, NY 10110
Counsel for Plaintiffs

Dated: January 25, 2008

_____
FRANK J. JOHNSON

JOHNSON BOTTINI, LLP
FRANK J. JOHNSON
FRANCIS A. BOTTINI, JR.
BRETT M. WEAVER
655 West Broadway Suite 1400
San Diego, CA 92101

Counsel for Plaintiff Gary Cinotto