**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY HARRIS, derivatively on behalf of Citigroup Inc., <br>               Plaintiffs, <br>     v. <br> CHARLES O. PRINCE, ET AL., <br>               Defendants. | 1:07-cv-09841-SHS |
| GARY CINOTTO, derivatively on behalf of Citigroup Inc., <br>                Plaintiffs, <br>     v. <br> CHARLES O. PRINCE, ET AL., <br>               Defendants. | 1:07-cv-09900-SHS |
| BENJAMIN NATHANSON, derivatively on behalf of Citigroup Inc., <br>               Plaintiffs, <br>     v. <br> CHARLES O. PRINCE, ET AL., <br>               Defendants. | 1:07-cv-10333-SHS |
| SAM COHEN, derivatively on behalf of Citigroup Inc., <br>               Plaintiffs, <br>     v. <br> CITIGROUP INC., ET AL., <br>               Defendants, | 1:07-cv-10344-SHS |
| WALTER E. RYAN, JR., derivatively on behalf of Citigroup Inc., <br>               Plaintiffs, <br>     v. <br> CHARLES O. PRINCE, ET AL., <br>               Defendants. | 1:07-cv-11581-SHS |

**PLAINTIFF WALTER E. RYAN JR.'S OMNIBUS RESPONSE TO DERIVATIVE
PLAINTIFFS HARRIS, CINOTTO, NATHANSON AND COHEN'S
MOTIONS TO CONSOLIDATE AND APPOINT LEADERSHIP STRUCTURE**

Plaintiff Walter E. Ryan, Jr. hereby submits his response to Plaintiffs Harris, Cinotto, Nathanson, and Cohen's Motions to Consolidate and Appoint Leadership Structure, and states as follows:

## I. INTRODUCTION

While all plaintiffs acknowledge that the derivative complaints should all be consolidated for efficient, nonduplicative, prosecution, the leadership structure should reflect the fact that plaintiff Walter E. Ryan, Jr., owns over 50,000 shares, totaling as much as 50 times the aggregate total of all other plaintiffs' disclosed holdings combined. Accordingly, designating him lead plaintiff, with his chosen counsel, Krislov & Associates, Ltd., as lead counsel and Faruqi & Faruqi LLP as liaison counsel is demonstrably appropriate.

Regardless of the various other derivative Plaintiffs' arguments, none can surmount the simple fact that Mr. Ryan's holdings make him the plaintiff with the largest stake in the company's success. Moreover, he readily disclosed his holdings. In contrast, plaintiff Harris holds only 100 shares, and the other Plaintiffs have intentionally omitted to disclose anything about the amount of stock they own, leading to the presumption that Mr. Ryan's stake in Citigroup is larger, much larger, than all other derivative Plaintiffs *combined*. This fact weighs heavily in favor of charging Mr. Ryan's chosen counsel as lead counsel in prosecuting this litigation.

Beyond his status as the largest stakeholder, Mr. Ryan's vigor and proven success in litigating substantial class and derivative litigation shows that he will be involved and aggressive in adequately and vigorously pursuing the Company's interests in prosecuting this litigation. The conflicting arguments of the other Plaintiffs' counsel, all of whose interests are so small, and whose actual plaintiff involvement is not even suggested, all must yield to Mr. Ryan being designated the lead plaintiff.

A.     **Harris' "First To File" Reliance Does Not Apply**

Plaintiff Harris' motion rests almost solely on the relic"first to file" doctrine, generally regarded as obsolete for many years, especially in cases of this nature that rest on widely disseminated public disclosures and complicated his argument by multiple conflicting filings.[1] Specifically, Mr. Harris relies on *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (denying a stay where a prior representative action was filed first), to support the assertion that the "first to file" should be given deference when appointing lead counsel.  However, case law has been critical of first to file application to representative actions, such as the case at bar, as more of a lawyer-driven "race to the courthouse" than the pursuit of clients' interests.  The very case that Mr. Harris relies on contradicts his proposition that the first filed case should be given any deference at all, especially in a case involving widely disseminated public disclosures.  In *Biondi v. Scrushy*, 820 A.2d at 1158, acknowledged that:

> representative actions pose certain dangers - in particular, the potential divergence in the best interests of the plaintiffs' attorney and the plaintiffs they are purporting to represent - that are not addressed, and indeed may be exacerbated, by a legal rule that places determinative weight on which complaint was filed first."

*Id*. at 1159.

The court articulated that this court "has given much less weight to first-filed status than is required in the non-representation action context . . . [t]he mere **fact that a lawyer filed first for a representative client is scant evidence of his adequacy and may, in fact, support the contrary inference**." *Id.*  (Emphasis added). *See also TCW Tech. Ltd. P'ship v. Intermedia*

---

[1] Mr. Amon has put himself in the precarious position of vying for lead counsel in the Harris motion, while asking to be appointed liaison counsel in the *Cinotto* and *Nathanson* motions.  Mr. Amon submitted affidavits in support of each of these three motions.  There is an inherent conflict of interest because Mr. Amon, presumably, would rather become lead counsel at the expense of the *Cinotto* and *Nathanson* actions.  Whether there is some collusion between the *Cinotto*, *Nathanson* and *Harris* actions is yet to be seen, but the separate motions, if that is the case, only waste the time and resources of the parties and the Court.

3

*Communications*, No. 18336, 2000 Del. Ch. LEXIS 147, at *9 (Del. Ch. Oct. 17, 2000) (stating that "[t]oo often, judges of this Court face complaints filed hastily, minutes or hours after a transaction is announced, based on snippets from the print or electronic media. Such pleadings are remarkable, but only because of the speed with which they are filed in reaction to an announced transaction. . . it is not a race to the courthouse door, however, that impresses the members of this Court when it comes to deciding who should control and coordinate litigation.")[2]

Accordingly, the fact that Mr. Harris was the first to file a complaint is of no consequence to the relevant factors in deciding which firm should be appointed lead counsel.

**B.    Cohen Cannot Show A Substantial Financial Stake**

Plaintiff Cohen's attempt to be appointed lead counsel adds only his claim that he has the "most comprehensive" complaint. *See* Cohen Br. at 6. To support that assertion, Mr. Cohen erroneously speculates that Mr. Ryan was not a continuous owner of Citigroup common stock and further lobs allegations (which have not been amended into the complaint) that the wrongdoing goes back to 2000, and Mr. Ryan lacks standing to pursue that wrongdoing. This notion is unsupported by evidence and does not militate in favor of Brower Piven's being appointed lead counsel.

Insofar as there is some fact to the assertion that wrongdoing began before Mr. Ryan was a shareholder, the remedy for those wrongs is still available to Mr. Ryan. The damage to the

---

[2] As this Court articulated in *In re Auction Houses Antitrust Litig.*, 197 F.R.D. 71, 81 (S.D.N.Y. 2000), the "first to file" argument finds its roots in incentivizing attorneys to ferret out wrongs that may be difficult or impossible for individual plaintiffs ever to identify. The *Auction Houses* court, in rejecting the first to file consideration, remarked that "no attorney initiative was required here to ferret out the alleged wrong committed by the defendants." *Id*. at 82. The same is true here. The Defendants in this case were exposed by widespread media coverage of the bank's subprime meltdown.

Company alleged in all complaints, including Mr. Cohen's, occurred while Mr. Ryan was a shareholder. Specifically, Mr. Ryan (as well as Mr. Cohen) complains of the following damage to the Company:

> (a) Demands by purchases of Collateralized Debt Obligations sold by Citigroup to take-back or unwind the transactions
>
> (b) Restatements of Citigroup's annual revenue and income due to General Accepted Accounting Procedure's revenue recognition principles and standards;
>
> (c) A loss of financial goodwill;
>
> (d) Damages and legal defense costs for securities fraud and ERISA litigation;
>
> (e) Costs related to compensation, severance and benefits paid to the Defendants who have breached their fiduciary duties to Citigroup; and
>
> (f) Substantial additional future costs to remediate its failed corporate governance processes and institutional operations.

This damage can all be connected to the wrongdoing that occurred since Mr. Ryan was a shareholder.

Additionally, Mr. Cohen's absurd and unsupported insinuation that being a large shareholder is some sort of obstacle to prosecuting a derivative case is simply wrong.[3] *See* Cohen Br. at 13. A derivative case is prosecuted on behalf of the company and a large shareholder stake, in this case held by a long-term, value-based investor, is the best plaintiff because long-term positive changes in the company, which a derivative case seeks, will allow Mr. Ryan to recover any losses in the long run. His large stake, and the fact that he has not sold his shares yet, shows his incentive and ability to obtain the best relief possible for the corporation. In contrast, a small-stake shareholder has little real interest in the outcome, and no

---

[3] At least one court, the Delaware Court of Chancery has disagreed with Mr. Cohen's argument, stating in the context of a class and derivative case: "the Court should give weight to the shareholder plaintiff that has the greatest economic stake in the outcome of the lawsuit." *TCW Tech.*, 2000 Del. Ch. LEXIS 147, at *10.

incentive to involve himself in the litigation, leaving the risk that the case is more of a lawyer vehicle, benefiting his attorneys more than the Company.

C.     **Cinotto And Nathanson Motions Lack Any Reason For Their Counsel to be Appointed To A Leadership Position**

The *Cinotto* and *Nathanson* motions do nothing more that purport to seek lead counsel status while providing little or no argument as to why they ask this Court to appoint them lead counsel. As undeveloped or underdeveloped arguments, this Court should give their motions little, if any weight. As noted above, both motions seek the appointment of Mr. Amon as liaison counsel and both are supported by declarations from Mr. Amon, who also seeks to be appointed co-lead counsel in the *Harris* motion.

D.     **Mr. Ryan's Proposed Leadership Structure Will Best Represent The Company**

Mr. Ryan asks this Court to appoint Krislov & Associates, Ltd. as lead counsel and Faruqi & Faruqi LLP as liaison counsel. As set forth in Mr. Ryan's opening motion, both firms have a wealth of experience in prosecuting derivative actions in state and federal courts around the country. Further, both firms have the necessary resources to adequately prosecute this action on behalf of the Company.

## II. CONCLUSION

For the reasons set forth above, the court should, by order:

1.     Consolidate the derivative cases;

2.     Designate Plaintiff Walter E. Ryan Jr., as lead derivative plaintiff; and

3.     Appoint Krislov & Associates, Ltd. as lead counsel and Faruqi & Faruqi LLP as liaison counsel.

Dated: February 4, 2008						Respectfully submitted,

                 s/David H. Leventhal
              David H. Leventhal (DL-7673)
              Christopher Marlborough (CM-6107)
              FARUQI & FARUQI LLP
              369 Lexington Avenue, 10th Floor
              New York, New York 10017
              Tel: 212-983-9330
              Fax: 212-983-9331

              Clinton A. Krislov
              Jeffrey M. Salas
              KRISLOV & ASSOCIATES, LTD.
              20 North Wacker Drive, Suite 1350
              Chicago, IL 60606
              Tel: 312-606-0500
              Fax: 312-606-0207

              *Attorneys for Plaintiff Walter E. Ryan, Jr.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice Lists, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice Lists.

                       s/David H. Leventhal

# Mailing Information for a Case 1:07-cv-09841-SHS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas G. Amon**
  tamon@amonlaw.com

- **Christopher Marlborough**
  cmarlborough@faruqilaw.com

- **Brian James Robbins**
  notice@ruflaw.com

- **Elizabeth Ann Schmid**
  schmid@browerpiven.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 1:07-cv-09900-SHS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas G. Amon**
  tamon@amonlaw.com

- **Christopher Marlborough**
  cmarlborough@faruqilaw.com

- **Brian James Robbins**
  notice@ruflaw.com

- **Elizabeth Ann Schmid**
  schmid@browerpiven.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 1:07-cv-10333-SHS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas G. Amon**
  tamon@amonlaw.com

- **George T Conway , III**
  GTConway@wlrk.com

- **John F. Lynch**
  jflynch@wlrk.com

- **Christopher Marlborough**
  cmarlborough@faruqilaw.com

- **Jonathan M. Moses**
  JMMoses@wlrk.com

- **Lawrence B. Pedowitz**
  lbpedowitz@wlrk.com

- **Brian James Robbins**
  notice@ruflaw.com

- **Elizabeth Ann Schmid**
  schmid@browerpiven.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 1:07-cv-10344-SHS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David A.P. Brower**
  brower@browerpiven.com

- **George T Conway , III**
  GTConway@wlrk.com

- **John F. Lynch**
  jflynch@wlrk.com

- **Christopher Marlborough**
  cmarlborough@faruqilaw.com

- **Jonathan M. Moses**
  JMMoses@wlrk.com

- **Lawrence B. Pedowitz**
  lbpedowitz@wlrk.com

- **Brian James Robbins**
  notice@ruflaw.com

- **Elizabeth Ann Schmid**
  schmid@browerpiven.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 1:07-cv-11581-SHS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Christopher Marlborough**
  cmarlborough@faruqilaw.com

- **Brian James Robbins**
  notice@ruflaw.com

- **Elizabeth Ann Schmid**
  schmid@browerpiven.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)